UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KAREN A. MAGRI                                     CIVIL ACTION

VERSUS                                             NO: 13-5700

UNUM LIFE INSURANCE CO. OF                         SECTION: "A" (5)
AMERICA, ET AL.

**ORDER**

The following motion is before the Court: **Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) (Rec. Doc. 7)** filed by Defendants, Unum Life Insurance Co. of America and Unum Group Corporation. Plaintiff Karen A. Magri opposes the motion. The motion, noticed for submission on November 20, 2013, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is DENIED.

I.   **Background**

Plaintiff Karen Magri filed this lawsuit to challenge Defendants' termination of her long-term disability benefits under her employer's ERISA plan. Magri was employed as a patent attorney and she alleges that she became permanently disabled in December 2006 following treatment for ovarian cancer. (Comp. ¶¶ 16-17). Magri originally filed suit in the Eastern District of Tennessee but her then attorney became ill and the court ultimately dismissed Magri's complaint without prejudice for failure to serve Defendants. (Rec. Doc. 8, Opposition at 1). The district court in Tennessee refused to reinstate the case even after Magri's current counsel agreed to take over the case pro hac vice. (E.D. Tenn. CA12-415, Rec. Doc. 17). Rather than refile in Tennessee and face potential statute of limitations problems waiting for an application for admission pro hac vice to be granted, Louisiana counsel simply filed suit here in the Eastern District of Louisiana. (Rec. Doc. 8, Opposition at 2 n.1).

Defendants now move the Court to transfer this case to the Eastern District of

Tennessee pursuant to 28 U.S.C. § 1404(a). Defendants contend that this case has no connection to the Eastern District of Louisiana except that Plaintiff's counsel is located here.

## II.     Discussion

Section 1404(a), entitled Change of Venue, provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . .

28 U.S.C.A. § 1404(a) (West 2006 & Supp. 2013). A motion to transfer venue pursuant to § 1404(a) should be granted if the movant demonstrates that the transferee venue is "clearly more convenient. *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (*quoting In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008)). When determining whether a transfer is "clearly more convenient," courts in this circuit consider certain private and public interest factors. *Id.* The private interest factors are: 1) the relative ease of access to sources of proof, 2) the availability of compulsory process to secure the attendance of witnesses, 3) the cost of attendance for willing witnesses, and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Volkswagen*, 545 F.3d at 315 (*quoting In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors are 1) the administrative difficulties flowing from court congestion, 2) the local interest in having localized interested decided at home, 3) the familiarity of the forum with the law that will govern the case, and 4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *Volkswagen*, 545 F.3d at 315 (*quoting Volkswagen*, 371 F.3d at 203). When the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected. *Volkswagen*, 545 F.3d at 315.

The foregoing factors are appropriate for most transfer cases but they are not

exhaustive or exclusive and none is of dispositive weight. *Id.* (*quoting Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)). The plaintiff's choice of venue is not an independent factor within the § 1404(a) analysis but it is taken into account because the movant is faced with the significant burden of showing good cause for the transfer. *Volkswagen*, 545 F.3d at 315 n.10. The district court always retains "broad discretion in deciding whether to order a transfer." *Id.* at 311 (*quoting Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998)).

  The parties do not dispute that venue is proper in this district and that this action might have been brought in the Eastern District of Louisiana. The Court turns its attention to whether Defendants have discharged their burden of establishing that the Eastern District of Tennessee is a clearly more convenient forum than the Eastern District of Louisiana.

  The Court is persuaded that none of the public or private interest factors militate in favor of transfer, or at the very least the factors are neutral. Of paramount importance to the analysis is the nature of this case. This case involves judicial review of an ERISA administrator's decision to deny/terminate benefits. As such, the case will very likely be determined on cross motions for summary judgment based on an administrative record. Discovery, if any, is expected to be minimal. The law to be applied is federal law so there are no issues with applying the law of another jurisdiction. The Eastern District of Louisiana has completely implemented electronic filing so counsel can file documents with the Court from any location. Further, Defendants' suggestions that the district court in Tennessee has more time to devote to its cases than the judges in this district, and that the district court in Tennessee has some familiarity with this case because it dismissed it on a call docket (Rec. Doc. 7-1, Memo in Support at 7), are completely unconvincing.

  In sum, Defendants have not shown that the Eastern District of Tennessee is clearly a

more convenient forum than the Eastern District of Louisiana

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) (Rec. Doc. 7)** filed by Defendants, Unum Life Insurance Co. of America and Unum Group Corporation is **DENIED**.

November 21, 2013

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE